Mr. Chief Justice Bingham
delivered the opinion of the Court:
This was a landlord and tenant’s case before a justice of the peace in this District; and the case having been decided by the justice against the defendant, he took an appeal to the Supreme Court of the District of Columbia. In the Circuit Court a motion was filed to dismiss the appeal because of the insufficiency of the bond, which had been executed for appeal by the defendant. Upon the consideration of that matter the Circuit Court sustained the motion and dismissed the appeal. From that motion the defendant again appealed to the General Term, and here a motion was filed to dismiss the appeal because, it is claimed, among other things, that this court has no jurisdiction to entertain an appeal from the Circuit Court in any case appealed from a justice of the peace, and of which the Circuit Court had not original jurisdiction. It is claimed that there is jurisdiction by authority of section 772 of the Revised Statutes of the District of Columbia, which provides, in general terms, that an appeal shall lie from all orders, judgments *36 and decrees in special term to the General Term, where such decree, order or judgment involves the merits of the action. It is claimed that this provision is of general application, and being so, that, without any reference to the origin of the cause in which the order, judgment or decree is made, an appeal will lie to the General Term. In answer to this it must be said that the common understanding of the court and bar is that no appeal will lie from the special' term as to a matter over which the special term had not original jurisdiction; in other words there is but one appeal from a justice of the peace as to any matter originating before a justice of the peace, and that such an appeal necessarily, from the very structure of the statute relating to the disposition of such matters, must be heard in the Circuit Court, and the disposition of the case in the Circuit Court be final. This question was before the General Term in the case of Luchs vs. Jones, 1 MacArthur, 345 ; and it was there held that a judgment of the special term in cases of appeal from justices of the peace is final, and it has the same effect in cases arising under the landlord and tenant act as in other cases. Justice MacArthur, delivering the opinion, says, after disposing of other questions in the case :
“ Entertaining these views, we would be obliged to reverse the judgment if the case was properly before us, but we think the General Term has no jurisdiction of the appeal. The 12th section of the act organizing this court gives an appeal from judgments of justices of the peace, but expressly declares that such appeals shall be decided at a special term. We have determined in several instances that the judgment of the special term in these appeal cases is final, and that we have no jurisdiction to review them here. We still think this is the obvious meaning of the statute. The right of appeal to this court in cases arising under the landlord and tenant act is given in the fourth section, but only in the same manner as appeals are taken in other cases. The judgment of the special term in this respect has therefore the same final effect as in other cases of appeal from justices of the peace, and it is *37 equally clear that we can exercise no more jurisdiction in one case than in the other.”
This decision was made before the revision of the statutes of the District of Columbia. In the revision of these statutes no change was made in the law as it existed before with reference to justices of the peace, except in section 12, a provision referred to by Justice MacArthur, was striken out, which was as follows:
“That appeals from justices of the peace shall be tried in the Circuit Court, or at a special term of the Circuit Court.”
That was stricken out and the law as it existed prior to the organization of this court, which provided for appeals from justices of the peace to the old Circuit Court, remained after the organization of this court, but without any amendment, and without any special provision in regard to an appeal to the Supreme Court of the District until the revision in 1875. From 1863 to 1875 there was no law recognizing an appeal from1 a justice of the peace to the Supreme Court of the District of Columbia, except the general provision which transferred all the powers of the old Circuit Court to the Supreme Court of the District of Columbia, and under that provision undoubtedly appeals were taken from the justices of the peace to the Circuit Court, and the 12th section, in regard to the organization of the Supreme Court of the District of Columbia, provided that appeals from justices of the peace should be heard at special term.
Now, the question is whether that effected necessarily any change. We think a brief inspection of sections 773 and 776 of the Revised Statutes relating to the District of Columbia, as they stood at the time of the revision of these statutes, and as they stand to-day, will settle that question. Section 775 provides :
“ The Supreme Court shall, in a summary way, hear the allegations and proofs of both parties, and .determine upon the same according to the law and the equity and right of the matter, at the same term, without further continuance or de *38 lay, unless it shall appear to the court that further time ought to be given to the party applying for the same.”
Section 776 provides :
“ Either of the parties may demand a trial by jury, or leave the cause to be determined by the court, at their election.”
It is manifest that there is but one court where a party who takes an appeal from a justice of the peace can have such a trial as is provided for him by the statute, namely, a trial by jury, and that is the special term of the Circuit Court. We think that á fair construction of these sections shows that there has been no intention whatever to make any change as to the right of a party to be further heard after a trial in the Circuit Court on appeal. That these provisions are inconsistent with any theory that he may have a trial in one court after an appeal, and that he may then take an appeal from that decision, and'therefore have three trials. The matters involved in the jurisdiction of a justice of the peace are usually of small moment, .and a provision of the law allowing an appeal from the Circuit Court to the General Term would be, we think, an exceedingly unwise one. The whole substance of the litigation would necessarily be consumed by the expense incurred by each of the parties in such an appeal, and if the parties are simply disposed to indulge in the luxury of litigation, their tastes in that respect should not be encouraged by law.
Much weight should be given to what has been the universal understanding of this question by the court and bar, and what has been the uniform practice. Unless we felt ourselves compelled to do so by some plain provision of the law, we should not be inclined to recognize such right of appeal. But we think, from a fair examination of the statutes, it is clear that there is no such provision for appeal, and that there has been no intention on the part of Congress to give it.
The motion to dismiss the appeal will therefore be sustained.

The appeal is dismissed.